IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CITY OF PHILADELPHIA, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AISHA ASHA BRADLEY, *et al.*, | : | No. 24-269 |
|     Defendants. | : | |

**MEMORANDUM**

PRATTER, J.                                                                                                                                                FEBRUARY ___, 2024

This case is one of several actions removed to federal court by Ms. Bradley, who is *pro se* and one of the defendants in the captioned case, pertaining to real estate tax lien petitions filed in the Court of Common Pleas of Philadelphia County in 2023. In this case, Ms. Bradley filed a notice of removal (Doc. No. 2) and an amended notice of removal (Doc. No. 9) for Court of Common Pleas Case No. 2310T0202, which is a civil tax action brought by the City of Philadelphia regarding delinquent real estate taxes for a property listed at 800 Seffert St., Unit A Philadelphia, PA 19128.[1] No other defendant has expressed any view as to where this dispute belongs.

Ms. Bradley alleges that the tax lien petition is invalid and should be struck because the property was "overtaxed," and the petition violates several local and state laws. *See* Doc. No. 13-15 at 68–75, 103, 119–120. She also makes civil rights crossclaims and counterclaims against Philadelphia, the Commonwealth of Pennsylvania, and several state judges, prosecutors, and state court employees pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 28 U.S.C. §§ 1343, 1443,

---

[1] Ms. Bradley also addressed at length what appears to be a 2021 quiet title action regarding a dispute over easements. Ms. Bradley has not filed a notice of removal of the quiet title action, which is Court of Common Pleas Case No. 1594. *See* Doc. No. 13-15 at 102.

and various state and federal criminal statutes. *See* Doc. No. 9 at 8–9; Doc. No. 9-1 at 7; Doc. No. 13-15 at 131–137. Notwithstanding these references to various federal statutes and the U.S. Constitution, the primary thrust of Ms. Bradley's challenge to this state civil tax action is that the underlying tax lien petition (and attendant state court proceedings) did not comply with state and local law. Consequently, this Court must determine whether removal of this action to federal court is proper, or if immediate remand is required for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

## LEGAL STANDARDS

A defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). As the party seeking removal, Ms. Bradley is responsible for showing that the case "is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). According to federal law, "[i]f at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court "has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002) (citing *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002)). In other words, if the Court determines that it does not have subject matter jurisdiction, the Court must immediately remand the case to state court.[2]

---

[2] This Court, like all other federal district courts, is a court of "limited jurisdiction," which means that under Article III of the U.S. Constitution, this Court only has the power to preside over certain types of disputes. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress is responsible for designating—via statute—which types of cases federal courts may hear. *See id.*; *see, e.g.*,

2

## Discussion

### I. This action is not removable on the basis of jurisdiction under 28 U.S.C. § 1343.

In the notice of removal (Doc. No. 2) and amended notice of removal (Doc. No. 9), Ms. Bradley asserts "counter-claims" and "cross-claims" against the City of Philadelphia and the Commonwealth of Pennsylvania "pursuant to 42 USCS § 1983" and invokes "28 USCS § 1343(a)(1)(2)(3)(4)" and cites several federal criminal statutes as the bases for federal jurisdiction over this action. *See* Doc. No. 2 at 8; Doc. No. 9 at 8–9. 28 U.S.C. § 1343 confers to district courts original jurisdiction over certain types of "civil rights" actions. *See* 28 U.S.C. § 1343 (titled "Civil rights and elective franchise"). Ms. Bradley cites to all four types of "civil rights" actions described in Section 1343. The Court will address each of these in turn.

Section 1343(a)(1) empowers federal courts to preside over any civil actions "authorized by law to be commenced by a person [t]o recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42." 28 U.S.C. § 1343(a)(1). Ms. Bradley has not alleged an injury or deprivation of any right or privilege related to any of the conspiracies described in 42 U.S.C. § 1985, so she cannot invoke this Court's jurisdiction under Section 1343(a)(1).[3]

---

28 U.S.C. § 1331 (conferring on the district courts original jurisdiction in cases that arise under the federal laws, including the Constitution). Thus, this Court must determine whether Ms. Bradley's case falls within its limited jurisdiction, and if the case does not, the Court must remand the case to state court immediately.

[3]   Section 1985 describes three types of conspiracies: (1) conspiracies to prevent, by force, intimidation, or threat, people who hold any office or place of confidence under the United States (*i.e.,* elected officials, judges, *etc.*) from performing their duties; (2) conspiracies to obstruct justice through the intimidation of a party, witness, or juror; and (3) conspiracies to deprive by force, intimidation, or threat any persons of certain rights and privileges due to some racial or other class-based discriminatory animus towards those persons. *See* 42 U.S.C. § 1985; *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (confirming that a plaintiff seeking redress for a private conspiracy in violation of Section 1985(3) must show that some sort of racial or otherwise class-based discriminatory animus lay behind the conspirators' actions). Ms. Bradley has not alleged any deprivations due to force, intimidation, or threat, nor has she alleged that any party involved in this action caused her any injuries or deprivations because of

3

Section 1343(a)(2) covers actions "[t]o recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent." 28 U.S.C. § 1343(a)(2). None of the injuries or wrongs described in Ms. Bradley's filings are of the kind "mentioned in section 1985 of Title 42." The Court does not have original jurisdiction over this action under 28 U.S.C. § 1343(a)(2).

Section 1343 (a)(3) confers federal jurisdiction over any action commenced by any person "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3). Ms. Bradley cannot rely on section 1343(a)(3) to establish subject matter jurisdiction over this action because, although she appropriately cites to 42 U.S.C. § 1983 as her cause of action, she does not discuss a deprivation of any right, privilege, or immunity secured by a substantive provision of the Constitution or by a federal statute that "may fairly be characterized as a statute securing 'equal rights[.]'"[4] *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 620 (1979). It is well-settled that 42 U.S.C. § 1983 does not confer any substantive rights. *See id.* at 617 ("[O]ne cannot go into court and claim

---

some sort of discriminatory animus towards a protected class (*i.e.*, discriminatory animus based on race, nationality, religion, *etc.*).

[4] Ms. Bradley asserts several "causes of action" in her "cross-claims" alleging violations of the Fifth and Fourteenth Amendments of the U.S. Constitution and various federal statutes. *See, e.g.*, Doc. No. 13-15 at 137, 149–162; Doc. No. 13-16 at 64–65, 79–139. All of these "causes of action" stem from the disposition of the quiet title action (Court of Common Pleas Case No. 1594), which Ms. Bradley has not attempted to remove to federal court. Regardless, this Court lacks jurisdiction over these "causes of action" because this Court cannot reverse or void a final state court decision. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006) (federal courts are barred "from entertaining an action . . . if the relief requested effectively would reverse a state court decision or void its ruling."); *see also* Doc. No. 13-15 at 22 ("Ms. Bradley has extensively litigated the issues she attempts to raise in her motions . . . *See, e.g., Estate of Edmund Simon. Et al. v. City of Philadelphia, et. al,.* October Term 2021, No. 1594; 2333 EDA 2022; 1371 CD 2022. These issues have been resolved, *with finality*, in the appellate courts.") (emphasis added). And to the extent that Ms. Bradley's other counterclaims and crossclaims are intertwined with other final state court decisions, this Court lacks jurisdiction over those "causes of action" as well.

a 'violation of § 1983 – for § 1983 by itself does not protect anyone against anything.'").

Instead, she alleges, without elaboration, that the various state actors apparently involved in the civil tax action brought by the City of Philadelphia have a "conflict of interest," and she also lists several federal criminal statutes, none of which can support federal jurisdiction under 28 U.S.C. § 1343(a)(3) because none of those criminal statutes confer upon Ms. Bradley—or any person for that matter—an "equal right." *See, e.g.*, Doc. No. 9 at 9 (citing 18 U.S.C. § 1962(c) and (d) (statute prohibiting any person employed by or associated with an enterprise engaged in racketeering activity from participating in that activity or conspiring to engage in the activities prohibited by the statute)). A criminal statute proscribing certain actions does not confer a right that can be vindicated through filing a civil rights action in federal court. Consequently, 28 U.S.C. § 1343(a)(3) does not authorize federal jurisdiction over this dispute.

Finally, Section 1343(a)(4) covers actions brought "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." 28 U.S.C. § 1343(a)(4). This section likewise does not confer jurisdiction over this action because, as described above, Ms. Bradley has not alleged a deprivation of any substantive right—civil or equal—provided for by federal statute. This Court does not have original jurisdiction over this case pursuant to 28 U.S.C. § 1343.

## II. This action is not removable on the basis of jurisdiction under 28 U.S.C. § 1331.

Because Ms. Bradley has asserted counterclaims and crossclaims against various parties pursuant to 42 U.S.C. § 1983 and other federal statutes and the U.S. Constitution, the Court will determine whether removal is proper on the basis of jurisdiction under 28 U.S.C.§ 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). A

lawsuit "arises under" federal law for 28 U.S.C. § 1331 purposes "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Ms. Bradley's intention to raise federal defenses to the claims against her, including counterclaims and crossclaims, does not establish a basis for removal. *See United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) ("It is one of the settled principles of federal jurisdiction jurisprudence that the federal question must appear on the face of the complaint, and that federal jurisdiction cannot be created by anticipating a defense based on federal law.") (citing *Louisville & Nashville*, 211 U.S. at 149); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) (holding that counterclaims cannot serve as the basis for federal jurisdiction under the well-pleaded complaint rule); *Bracken v. Matgouranis*, 296 F.3d 160, 163–64 (3d Cir. 2002). The civil tax action Ms. Bradley seeks to remove is predicated entirely on Pennsylvania law, rather than federal law, so it is not subject to removal to federal court. *See, e.g., Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 115 (3d Cir. 2016) ("Inasmuch as the complaint in this case is a straightforward state-law foreclosure complaint, it does not provide a basis for federal question jurisdiction and thus this action could not have originally been brought in federal court. Consequently, it was not removable under 28 U.S.C. § 1441(a)."); *see also Lott v. Duffy*, 579 F. App'x 87, 89–90 (3d Cir. 2014) (per curiam) (internal citation omitted) (observing that an "ejectment action . . . is governed by state law, . . . does not present a federal question[,]" and therefore "belongs back in state court"). This Court does not have jurisdiction over this action pursuant to 28 U.S.C. § 1331.

CONCLUSION

For the foregoing reasons, the Court does not have subject matter jurisdiction over this action in any fashion. The Court remands this case to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE